Thomas L. Murphy, Esquire (2725)
P.O. Box 408
Linwood, NJ 08221

Edward P. Kozmor, Esquire
6 Shore Road
Linwood, NJ 08221

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WHITE EAGLE PARTNERS, a New Jersey Partnership, | Civil Action No: 04CV1865 (JBS) |
| Plaintiff | |
| v. | COMPLAINT |
| MEDIFAST, INC., formerly known as Healthrite Inc., a Delaware Corporation and public company, | |
| Defendant | |

The Plaintiff, White Eagle Partners, a New Jersey Partnership with offices at 6 Shore Road, Linwood, New Jersey 08221, complaining against the Defendant, says that:

**STATEMENT OF JURISDICTION
AS TO ALL COUNTS**

Pursuant to 28 U.S.C. §1332, the amount in controversy between the parties exceeds the sum or value of $75,000 and the plaintiff and defendant are citizens of different states and there is complete diversity between the parties. The Plaintiff being a Partnership formed in the State of New Jersey and the Defendant being a Michigan Limited Liability Company and also having principal offices in Michigan. The Defendant does business throughout the United States, including New Jersey and venue is proper.

## FIRST COUNT
## MANDATORY INJUNCTION

1. On or about February 20, 1998 the defendant (then Healthrite, Inc. and now Medifast Inc) issued to Carl J. Valore (plaintiff's assignor) 29,811 common shares of Healthrite bearing a restricted legend (Certificate 2251).

2. On January 10, 2000 Carl J. Valore assigned the 29,811 shares in defendant's company to White Eagle Partners, the plaintiff herein.

3. The corporate name of Healthrite, Inc. and its trading symbol was changed on or about January 1, 2000 to Medifast, Inc. a Delaware Corporation and trading of the common stock was established on the American Stock Exchange under the symbol MED. The Healthrite Certificate 2251 was replaced by a Medifast, Inc. Certificate MF0111 for 29,811 common shares with a restricted legend.

4. On or about June 13, 2003 White Eagle Partners initiated a request to the transfer agent (American Stock Transfer and Trust) to remove the restricted legend on Medifast Certificate MF0111 for 29,811 shares. This request was made pursuant to Rule 144 of the Securities Exchange Commission and particularly Rule 144(k).

5. On or about June 24, 2003 the transfer agent, American Stock Transfer and Trust, advised the brokerage firm attempting to have the restricted legend removed and sell Medifast common stock Certificate MF0111, that a company representative of Medifast, Inc., would not sign the required form pursuant to Rule 144(k) to remove the restricted legend on Certificate MF0111. All the requirements for removing the restricted legend had been complied with pursuant to Rule 144(k). Again, on or about February 20, 2004, the brokerage firm holding the Medifast Certificate MF0111 in the account of White Eagle partners initiated a request and the proper forms to have the

restricted legend removed. Again, Medifast unreasonably and unlawfully refused to remove the restricted legend.

6. A private sale or assignment of common stock bearing a restricted legend is lawful and not prohibited. It is only the public sale or trading of a stock with a restricted legend on an exchange or by a market maker that is prohibited.

7. Under the provisions of Rule 144, particularly Rule 144(k), a common stock of a public company bearing a restricted legend may be sold publicly if the restricted legend is removed. The condition for the removal of a restricted legend under Rule 144(k) is that the certificate of stock has been held for more than 2 years. If the holder of the restricted stock is an affiliate, director or holds more than 5% of the outstanding shares of the public company, then other conditions of Rule 144 apply; those conditions are not applicable here in that White Eagle Partners and its assignor is not an affiliate, director, officer or a holder of 5% or more of the outstanding common shares of Medifast Inc.

8. There is no administrative remedy for removal of a restricted stock legend when the provisions of Rule 144 and 144(k) are complied with in that the Securities Exchange Commission has taken a position that removal of a restricted legend is an independent legal right under section 8-401 of the Uniform Commercial Code under state law. Both Delaware and New Jersey have adopted this section of the Uniform Commercial Code. Cases interpreting this section of the Uniform Commercial Code are substantially uniform throughout the United States.

9. An issuer who fails to register or fails to remove a restricted legend from a certificate of stock ownership is liable in compensatory damages, consequential damages and in some cases punitive damages with respect to an unreasonable delay in removing the restricted legend after a proper request has been made. Equitable relief is also available as an independent remedy to the

holder of the certificate of stock bearing the restricted legend to compel the issuer to remove the restricted legend.

10. Both a verbal and a written demands was made upon Medifast, Inc. and the attorney for Medifast, Inc. to:

    a. Issue a letter to American Stock Transfer and Trust, the transfer agent, or sign the required form, authorizing the removal of the restricted legend on certificate MF0111 Medifast, Inc.

    b. Advising Medifast, Inc. as to the nature and extent of consequential damages that would be suffered by White Eagle Partners in the event of unreasonable delay in complying with the request in subsection (a).

As of the filing of this complaint, there has been no compliance with the demands to remove the restrict legend on MF0111 by Medifast, Inc.

10. White Eagle Partners. is lawfully entitled to have the restricted legend removed on Medifast, Inc. stock Certificate MF0111 in that plaintiff's assignor as well as the plaintiff have held the Certificate for more than 3 and 5 years respectively. Neither the plaintiff nor the assignor is an officer, director or affiliate of Medifast, Inc. and does not own more than 5% of the outstanding common shares of Medifast, Inc. The refusal of Medifast, Inc. to remove the restricted legend on Certificate MF0111 is unlawful as well as a breach of fiduciary duty to this shareholder. Other shareholders will be damaged in that the necessity of filing the complaint herein will cause substantial damage to Medifast, Inc., and its shareholders.

11. The issuance of stock Certificate MF0111, and its predecessor Healthrite Certificate 2251, carried with it the contractual obligation to remove the restricted legend under the appropriate provisions of Rule 144 of the Securities Exchange Commission. The issuance also carried with it

the covenant of good faith dealing that the restricted legend would be removed after the required holding period provided in Rule 144, which is 2 years.

12. Medifast, Inc. has breached its contractual obligation, fiduciary duty, its statutory duty, and has in effect committed an unlawful conversion of the value of the plaintiff's ownership in the common shares of Medifast, Inc., represented by Certificate MF0111.

13. The plaintiff is claiming compensatory damages in that it has sold 10,811 shares of the 29,811 shares represented by Certificate MF0111 in private sales at a substantial discount relative to the publicly trading market price consistent with its duty to mitigate damages and based on the business needs of the plaintiff. These damages are in the approximate amount of $191,354.70.

14. The Plaintiff is claiming additional compensatory damages in that the plaintiff intended to sell the 29,811 common shares of Medifast represented by Certificate MF0111 on July 15, 2003, at which time the restrictive legend should have been removed. At that tie, the stock was selling at $17.70 per share. As of the filing of this complaint, the stock is selling at $8.70 per share. Accordingly, Plaintiff has suffered damages in the amount of $268,299.00.

15. In addition to the compensatory damages claimed herein, White Eagle Partners contends that as a result of the delay caused by the defendant in removing the restricted legend it was deprived of an investment opportunity in the aggregate of $1,278,488.00 which claim is asserted as consequential damages.

16. Plaintiff's claim for compensatory damages is independent from the claim for equitable relief in mandatory injunction compelling Medifast, Inc. to take the required responsible corporate actions to advise the transfer agent, American Stock and Transfer Trust to remove the restricted legend from Certificate MF0111.

WHEREFORE the plaintiff demands judgment on this count for:

a. Mandatory injunction requiring Medifast, Inc. to remove the restricted legend on Certificate MF0111;

b. Costs; and

c. Attorneys fees.

## SECOND COUNT
## BREACH OF CONTRACT
## COMPENSATORY DAMAGES

1. Plaintiff incorporates the allegations of the first count of this complaint and incorporated them herein as though they were set forth at length.

2. The plaintiff has been deprived totally of the value of Medifast Certificate MF0111 having a value on July 15, 2003 of $17.70 per share for a total value of $527,654.70.

3. In addition, the Plaintiff has suffered damages within the total loss of value claim of $527,654.70 in the amounts of $191,354.70 and $268,299.00 as set forth in the First Count.

WHEREFORE plaintiff demands compensatory damages against Medifast, Inc. on this count as well as interest and costs of action for $527,654.70.

## THIRD COUNT
## CONSEQUENTIAL DAMAGES

1. Plaintiff incorporates the allegations of the first and second counts of this complaint and incorporates them here as though they were set forth at length.

2. Plaintiff fully advised the defendant herein of impending consequential damages in the event the restricted legend was not removed from Certificate MF0111 in August of 2003 and advised the defendant that those damages involved a contractual obligation wherein time was of the essence and those damages would be liquidated and in the amount of $1,278,488.00 and that those damages would occur on or before October 1, 2003. Notwithstanding the information provided to

the defendant, the defendant has refused to remove the restricted legend from Certificate MF0111 which has caused the plaintiff consequential damages as provided herein.

WHEREFORE the plaintiff demands consequential damages against the defendant in the amount of $1,278,488.00 plus interests and costs of action.

## FOURTH COUNT
## CONVERSION

1.  Plaintiff incorporates the allegations of the first, second and third counts of this complaint and incorporates them herein as though they were set forth at length.

2.  As of June 24, 2003 and October 1, 2003, both separate and independent dates, the defendant Medifast Inc., wrongfully, wilfully, recklessly and intentionally converted to its own use the property of White Eagle Partners represented by Medifast Inc. Certificate MF0111 representing 29,811 common shares of the defendant company.

WHEREFORE, the plaintiff demands judgment for compensatory damages, consequential damages, as well as punitive damages, including interest and costs of action.

## FIFTH COUNT
## BREACH OF CONTRACT AND QUANTUM MERUIT
## AND MANDATORY INJUNCTION

1.  Plaintiff incorporates the allegations of the first through fourth counts of this complaint and incorporates them herein as though they were set forth at length.

2.  During the year 1997 Bradley T. MacDonald a present officer and director of Medifast, Inc. requested Beverly L. Valore, a member of the New Jersey and Federal Bar, to serve on a proposed slate of directors in a proxy fight led by Bradley T. MacDonald with respect to obtaining control of the board of directors of Healthrite, Inc., a public company.

3.  Beverly L. Valore was requested to buy Healthrite Inc stock in order that it could be indicated that she was an owner of Healthrite stock with respect to the proxy fight. Beverly L.

7

Valore did purchase 2,000 shares of the Healthrite stock at the then market price through a brokerage firm, TR Winston & Company.

4. Bradley T. MacDonald assembled a slate of directors which included Beverly L. Valore and solicited the votes of Healthrite Inc shareholders to vote in the Bradley T. MacDonald proposed slate of directors and unseat the incumbent directors. At that time Bradley T. MacDonald caused various publications and filings to be made with the Securities Exchange Commission which publications in part indicated Beverly L. Valore's qualifications to serve as a director as well as her ownership of 2,000 common shares of Healthrite Inc

5. In December, 1997 the Bradley T. MacDonald slate of directors which included Beverly L. Valore was successful in the proxy fight and the Bradley T. MacDonald slate of directors was installed as the lawful directors of Healthrite Inc.

6. During the months of January and February, 1998 various corporate meetings were held and various corporate resolutions adopted as well as reports filed with the Securities Exchange Commission indicating that certain directors and officers were given common stock in Healthrite for expenses incurred as well as services performed for the company.

7. At one of these corporate meetings which was attended in Arlee, Montana, Bradley T. MacDonald represented to Beverly L. Valore that she would be given an option to purchase 20,000 shares of the common stock of Healthrite Inc as well as be given an additional beneficial ownership in 22,000 common shares of Healthrite stock which would have a restricted legend and would be held by the company and that would be able to be traded by her upon compliance with the provisions of Rule 144.

8. The reports filed with the Securities Exchange Commission, in particular the 10k report, were signed by all directors including Beverly L. Valore and represented to the world as well

as to the Securities Exchange Commission that Beverly L. Valore held 24,000 common shares of Healthrite Inc as beneficial ownership and 20,000 shares under option for a total of 44,000 shares.

9. Beverly L. Valore resigned as a director of Healthrite Inc on or about March, 2000. Her resignation in no way affected her right to have the 22,000 shares of common stock of Healthrite issued to her and to have the restricted legend removed in that at the time of her resignation the holding period as provided in Rule 144k would have expired and in any event if the holding period is to be computed from the date of her resignation, that is March 1, 2000, and the holding period as required by Rule 144k has passed and the restricted legend should be removed from the 22,000 shares being held by the company for the benefit of Beverly L. Valore.

10. On January 10, 2000 Beverly L. Valore assigned to the plaintiff White Eagle Partners, all of her rights in the 22,000 common shares of Healthrite Inc. As provided in the First Count of this Complaint, the name of Healthrite Inc and its trading symbol was changed on or about January 1, 2000 to Medifast Inc., a Delaware Corporation.

11. In June of 2003, the plaintiff was advised by the transfer agent for Medifast, Inc. that 22,000 common shares of Medifast, Inc. had not been registered with the transfer agent with respect to Beverly L. Valore even though audited 10k filings with the Securities and Exchange Commission indicated Beverly L. Valore was the beneficial owner of 22,000 common shares of Medifast, Inc. and 22,000 option shares.

12. The plaintiff in August of 2003 filed a formal request with Medifast Inc and its attorney that a certificate of stock of Medifast Inc in the amount of 22,000 shares without a restricted legend should be issued to either Beverly L. Valore, the plaintiff's assignor, or to White Eagle Partners. Notwithstanding the demand, the defendant has refused to issue 22,000 common shares of Medifast Inc to the plaintiff or the plaintiff's assignor.

13. Plaintiff's assignor, Beverly L. Valore performed valuable services and incurred expenses as a director of Healthrite during the period of December, 1997 through March 1, 2000 and during that approximate 3 year period of time served on the Audit Committee as well as the Compensation Committee and was repeatedly assured by Bradley T. MacDonald that she owed 22,000 common shares of Medifast Inc (formerly Healthrite Inc) as well as options. The plaintiff White Eagle Partners relied on the filings that were done with the Securities Exchange Commission at the time that Beverly L. Valore executed an assignment of her rights to the issuance of her beneficially owned shares which were calculated to be in the amount of 22,000 common shares based on sworn to filings made with the Securities Exchange Commission on the 10k form. The 10k form was signed by Bradley T. MacDonald as well as other directors as to its truth and accuracy. The plaintiff relied upon the truth and accuracy of the 10k filing. Accordingly, Medifast Inc is estopped from denying that Beverly L. Valore owns 22,000 shares of Medifast Inc which have been assigned to the plaintiff herein as indicated in this count.

14. Had the defendant, Medifast, Inc., issued the 22,000 common shares to plaintiff on or before September 3, 2003 pursuant to its contractual and fiduciary duty, the plaintiff would have sold the 22,000 shares at the then prevailing market price of $14.00 per share. Accordingly, plaintiff has been damaged in the amount of $308,000.

15. In addition, Beverly L. Valore as plaintiff's assignor is entitled to the issuance of the 22,000 common shares of Medifast Inc. or alternatively to the plaintiff herein, based on the value of the services that she performed for the defendant and its predecessor while she served as a director.

16. Plaintiff has an independent right to equitable relief as well as a claim for compensatory damages based on the allegations of this count.

10

WHEREFORE, the plaintiff demands judgment for mandatory injunction as follows:

a. Compelling Medifast Inc to issue 22,000 common shares to either Beverly L. Valore, plaintiff's assignor or to White Eagle Partners without a restricted legend;

b. Costs; and

c. Attorneys fees

## SIXTH COUNT
## BREACH OF CONTRACT, QUANTUM MERUIT AND DAMAGES

1. Plaintiff incorporates the allegations of the first through fifth counts of this complaint and incorporates them herein as though they were set forth at length.

2. The plaintiff White Eagle Partners has been damaged as described fully in the first count as well as being deprived of 22,000 common shares of Medifast, Inc., that should have been issued to the plaintiff or its assignors as described in the Fifth Count.

WHEREFORE the plaintiff White Eagle Partners demands compensatory damages against the defendant as well as interest and costs of action.

## SEVENTH COUNT
## CONVERSION

1. Plaintiff incorporates the allegations of the first through sixth counts of this complaint and incorporates them herein as though they were set forth at length.

2. As of September 1, 2003, the defendant, Medifast, Inc., wrongfully, wilfully, recklessly and intentionally converted to its own use the property of White Eagle Partners with respect to the 22,000 common shares of Medifast as described herein.

WHEREFORE the plaintiff White Eagle Partners demands compensatory damages against the defendant as well as interest and costs of action.

Dated: _____   BY: _____
Thomas L. Murphy, Esquire